IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

METRONOME LLC,

                Plaintiff,

v.                              Case No. 3:25-cv-00144-amb

BIOSPECTRUM HEMP,

                Defendant.

## ANSWER TO COMPLAINT

Defendant MB Solutions, d/b/a BioSpectrum Hemp ("BioSpectrum" or "Defendant"), by and through its undersigned counsel, answers the Complaint of Plaintiff Metronome LLC ("Plaintiff").

### COMPLAINT FOR PATENT INFRINGEMENT

1.     Plaintiff Metronome LLC ("Plaintiff"), through its attorneys, complains of BioSpectrum Hemp ("Defendant"), and alleges the following:

**ANSWER:** Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Plaintiff has filed a complaint. Defendant denies that Plaintiff complains of "BioSpectrum Hemp" and affirmatively alleges its legal name is MB Solutions, LLC.

### PARTIES

2.     Plaintiff Metronome LLC is a corporation organized and existing under the laws of MN that maintains its principal place of business at 1209 MOUNTAIN ROAD PL NE, STE N, Albuquerque, NM 87110.

**ANSWER:** Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies the same.

3.  Defendant BioSpectrum Hemp is a corporation organized and existing under the laws of WI that maintains an established place of business at 5980 Executive Drive, Madison, WI 53719.

**ANSWER:** Defendant denies the allegations of Paragraph 3 and affirmatively alleges that its legal name is MB Solutions, LLC and that it is a Wisconsin limited liability company that maintains an established place of business at 5980 Executive Drive, Fitchburg, WI 53719.

## JURISDICTION

4.  This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**ANSWER:** Paragraph 4 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Plaintiff has invoked the patent laws of the United States, Title 35 of the United States Code. Defendant denies that Plaintiff is entitled to any relief under those laws.

5.  This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction to hear this action.

6.   This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

**ANSWER:** Defendant denies that it has committed acts of patent infringement. The remainder of Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, Defendant does not dispute that this Court may exercise personal jurisdiction over it.

## VENUE

7.   Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

**ANSWER:** Defendant denies that it has committed acts of patent infringement or that Plaintiff has suffered harm. The remainder of Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, Defendant does not dispute that venue is proper in this District.

## PATENT-IN-SUIT

8.   Plaintiff is the assignee of all right, title and interest in United States Patent No. 10,653,736 (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the

Patent-in-Suit.  Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

**ANSWER:**  Defendant denies that it has infringed the Patent-in-Suit. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and therefore denies the same.

### THE '736 PATENT

9. The '736 Patent is entitled "Topical treatments incorporating cannabis sp. derived botanical drug product," and issued 2020-05-19. The application leading to the '736 Patent was filed on 2019-01-25. A true and correct copy of the '736 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

**ANSWER:**  Defendant admits that a purported copy of the '736 Patent is attached as Exhibit 1 to the Complaint and that on its face, the document attached as Exhibit 1 bears a title of "Topical treatments incorporating *cannabis* sp. derived botanical drug product," an issuance date of May 19, 2020, and a filing date of Jan. 25, 2019. Defendant denies that the '736 Patent was properly and lawfully issued. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and therefore denies the same.

### COUNT 1: INFRINGEMENT OF THE '736 PATENT

10. Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER:**  Defendant realleges and incorporates by reference its answers to Paragraphs 1 through 9 above.

11.     **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '736 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '736 Patent also identified in the charts incorporated into this Count below (the "Exemplary '736 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '736 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:**  Defendant denies the allegations of Paragraph 11.

12.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '736 Patent Claims, by having its employees internally test and use these Exemplary Products.

**ANSWER:**  Defendant denies the allegations of Paragraph 12.

13.     **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

**ANSWER:**  Defendant denies the allegations of Paragraph 13.

14.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '736 Patent. On information and belief, Defendant has also continued to sell the Exemplary

Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '736 Patent. See Exhibit 2 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

**ANSWER:** Defendant denies the allegations of Paragraph 14.

15. **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '736 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '736 Patent.

**ANSWER:** Defendant denies the allegations of Paragraph 15.

16. Exhibit 2 includes charts comparing the Exemplary '736 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '736 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '736 Patent Claims.

**ANSWER:** Defendant admits that Plaintiff's Exhibit 2 includes charts purporting to compare claim 1 of the '736 Patent to a product that Defendant has defined in its Complaint as the "Exemplary Defendant Product." Defendant denies the remaining allegations of Paragraph 16.

17. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

**ANSWER:** Defendant denies the allegations of Paragraph 17 and all allegations incorporated by reference therein.

18. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

**ANSWER:** Defendant denies the allegations of Paragraph 18.

## JURY DEMAND

19. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

**ANSWER:** Paragraph 19 is a request for a trial by jury to which no response is required. To the extent a response is required, Defendant respectfully demands a jury trial on all issues appropriately triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered, Defendant denies that Plaintiff is entitled to the relief sought, or to any relief, and requests that the Court dismiss Plaintiff's Complaint with prejudice and award Defendant such other relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses, and without altering the burdens of proof, Defendant states as follows:

1. Plaintiff fails to state a claim on which relief may be granted.

2. Plaintiff's claims against Defendant are barred, in whole or in part, because Defendant has not and does not presently infringe, directly or by inducement, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '736 Patent.

3. The Patent-in-Suit is invalid for failing to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

4. Any purported claim for equitable relief set forth in the Complaint is barred by unclean hands, waiver, and/or equitable estoppel.

5. Plaintiff is estopped from asserting that Defendant infringes any valid claim of the Patent-in-Suit for reasons including but not limited to the scope of the prior art and the prosecution of the Patent-in-Suit.

6. Plaintiff's claims for damages are limited under 35 U.S.C. §§ 286 and 287.

7. Plaintiff is barred from recovering costs associated with this action under 35 U.S.C. § 288.

8. Defendant reserves the right to raise additional affirmative defenses based on facts that may be disclosed during discovery. Defendant further reserves the right to amend its Answer accordingly, or to delete affirmative defenses it determines during the course of subsequent discovery are not applicable.

## JURY DEMAND

Defendant respectfully demands a jury trial on all issues appropriately triable by a jury.

Respectfully submitted this 21st day of April, 2025.

          *s/ Monica A. Mark*
          Monica A. Mark
          WI State Bar ID No. 1082428
          mmark@reinhartlaw.com
          Reinhart Boerner Van Deuren s.c.
          22 East Mifflin Street, Suite 700
          Madison, WI 53703
          Tel: (608) 229-2200

          *Attorneys for Defendant BioSpectrum Hemp*